LAURIE A. TRAKTMAN (SBN 165588)
**GILBERT & SACKMAN**, A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
(323) 938-3000; Fax: (323) 937-9139
email: lat@gslaw.org

JS-6

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA SHEET METAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL 105 RETIREE HEALTH PLAN; BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA SHEET METAL WORKERS' 401(A) PLAN; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 105 UNION DUES CHECK-OFF FUND; AND BOARD OF TRUSTEES OF THE SHEET METAL INDUSTRY FUND OF LOS ANGELES, Plaintiffs, v. DSG MECHANICAL CORPORATION; DAVID EUGENE RIVERA, JR.; JANETTE MAREEN RIVERA; AND BRIAN CHRISTOPHER MANSUR, individuals, Defendants. | Case No. CV-10-6191 SVW (OPx) ORDER ON STIPULATION FOR JUDGMENT |

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Savings Plan of Southern California; Board of Trustees of the Southern California Sheet Metal Joint Apprenticeship and Training Committee; Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan; Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan; Board of Trustees of the Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-Off; and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles (collectively, the "Plans" or the "Sheet Metal Workers' Trust Funds"), and defendants, David Eugene Rivera, Jr.; Janette Mareen Rivera; and Brian Christopher Mansur (collectively, "Individual Defendants"); and DSG Mechanical Corporation ("The Company") (collectively "Defendants"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendants are indebted to the Plans in the amount of $386,786.74. Said amount is comprised of contributions in the amount of $274,332.72 for the delinquent work months of June 2010 ($69,990.46), July 2010 (estimated to be $102,171.13) and August 2010 (estimated to be $102,171.13); liquidated damages in the amount of $61,302.68 for all delinquent work months of June 2010, July 2010 and August 2010;  interest at 10% per annum in the amount of $30,651.34; reimbursement of plaintiffs' reasonable fees ($20,000.00), and

1

reimbursement of plaintiffs' recoverable costs of suit ($500).

2. Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendants jointly and severally, in the amount of $386,786.74 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendants may satisfy the judgment by paying timely each month the amounts due to the Sheet Metal Workers' Savings Plan of Southern California; Southern California Sheet Metal Joint Apprenticeship and Training Committee; Sheet Metal Workers' Local 105 Retiree Health Plan; Southern California Sheet Metal Workers' 401(a) Plan; Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-Off; and Sheet Metal Industry Fund of Los Angeles, as well as paying the balance due for the work months of June 2010 ($69,990.46), July 2010 (estimated at $69,990.46, assuming that the above-named Plans are paid in full), and August 2010 (estimated at $69,990.46, assuming that the above-named Plans are paid in full); and liquidated damages and interest in the estimated amount of $61,302.68 for all delinquent work months of June 2010, July 2010 and August 2010, by making installments pursuant to the following installment plan: Eight installments in an amount of at least $26,000 each shall be made on the first day of each consecutive month for eight months beginning on October 1, 2010 and ending on May 1, 2011; a ninth installment in the amount of at least $20,000 to be paid on June 1, 2011 to pay the balance due in contributions, if any, as well as $20,000 of liquidated damages and interest; a tenth installment of $21,302.68 will be made on July 1, 2011 to pay the balance due of

2

liquidated damages and interest.  There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation.  Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4.  In the event the Company and Individual Defendants, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendants, plus interest on such unpaid amounts at the annual rate of ten percent.

5.  The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

6.  This Stipulation does not limit the Plans' right to file additional court actions to collect any additional sums owed should the Plans discover further moneys owed to the Plans.

7.  This Stipulation is without prejudice to any Miller Act claims, mechanic's liens, or stop notices which may be filed by the Plans on jobs worked by the Company.

///

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED**.

Dated: August 31, 2010

_____
Hon. Stephen V. Wilson